Tucker, P.
It is a subject of regret, that a good cause should be lost for want of form in the pleadings; *359 but we do not perceive how we can sustain this judgment, without an utter disregard of the essential forms of the law.
The questions argued at the bar arise out of the declaration, to which there is a general demurrer. Upon this demurrer, the objection to the misjoinder of action may be made, together with any other objection, which is matter of substance, and goes to the whole of the counts.
As to misjoinder. The writ is against “J. D.Kayser executor of Circle.” The declaration complains of “ J. D. Kay ser executor of Circle.” The first count alleges, “ that the said defendant executor as aforesaid” by his promissory note &c. was indebted &c. to the plaintiff “as legatee;” and being so indebted, in consideration thereof, “ he the said defendant as executor as aforesaid promised &c.” This is distinctly the form of the declaration against an executor in his representative character. 1 Chitt. Plead. 205-6. 1 Wms. Saund. 111. 112. Brigden v. Parkes, 2 Bos. & Pull. 424. Hawkes & ux. v. Saunders, 1 Cowp. 289.292. Epes’s adm’r v. Dudley adm’r, 5 Rand. 437. Bishop v. Harrison’s adm’r, 2 Leigh 532. No other form, indeed, could well be devised for distinguishing the action against the executor, from the action against the individual. It is necessary that some form should be adopted, which shall enable the court, where there is judgment by default, or on demurrer, to decide in what character the judgment should be rendered against the defendant. On this first count, the judgment can only be against the executor as such, for the promise is distinctly laid to have been made by him as executor. It must, therefore, be against the goods and chattels of the testator, and not against the executor personally.
The court does not find it necessary to inquire, whether the other counts are against the executor as such, or not: quacunque via data, the declaration is bad. Take *360 it, that they are against him individually: then, as the first is not, there is a misjoinder. , Take it, that they are all against the executor as such: then, they are all of them demands against the estate. But the demand of a jegatee for hiS legacy, is not a demand against the estate; it is a demand against the executor personally, for part of the estate. And if, as was contended, an action at law will lie for a legacy, either upon an express or implied promise, it is perfectly clear, that it must be brought against the executor in his individual, and not in his representative, character; and the judgment must be de bonis propriis, not de bonis testatoris. This is clearly shewn by the cases decided in the time of lord Mansfield; Atkins & ux. v. Hill, 1 Cowp. 284. Hawkes & ux. v. Saunders, Id. 289. See also Rose & ux. v. Bowler’s ex’ors, 1 H. Black. 108. Taking all the counts, then, to be of the same character, they are all against the defendant in his representative character, and are, therefore, all of them bad.
In this view of the case, the question mainly argued at the bar, need hot be decided: the court gives no opinion upon it. Yet I am myself well satisfied,-1. That an action at law against an executor for a legacy, does not lie without an express promise of the executor to pay. 2. That it does lie upon such promise, where there is a good consideration; for example, where there are assets to pay the legacy. 3. That if the promise of the executor be unqualified, it amounts to a waiver of the refunding bond which he might have required of the legatee, and removes a great difficulty in the proceeding at law. 4. That if the promise be on condition of a refunding bond being given by the legatee, then, on ordinary principles, there can be no recovery without proof of the performance of that condition. 5. That no admission of assets, or mere acknowledgment of indebtedness, without an express promise, will sustain the action ; for, in those cases, the objection exists, if no other, *361 that the executor has a right to require a refunding bond from the legatee, which a court of law cannot compel him to give.
Judgment reversed; and judgment for the defendant upon the demurrer to the declaration.